(No. 5198—

RALPH E. WILHOIT, JOHN OWEN WILHOIT and MARGARET JEAN STANFIELD, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1969.*

BRUNSMAN, BEAM AND CRAIN and JACK AUSTIN, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

BOOKWALTER, J.

This is a group of claims against the State of Illinois for alleged consequential damages to crops and the value of farm land in Edgar County, Illinois, and for alleged consequential damages to a dwelling in the Village of Kansas, Illinois, by reason of certain alleged acts and omissions of the State of Illinois in the widening and improving of Illinois State Highway 16 in the spring of 1962.

It is claimants' contention that the improvements were so constructed as to cause a change in the flow of surface waters, and an increase in the flow of water over the properties of claimants, resulting in damages to crops on approximately ten acres in 1962 in the amount of $370.00, 1963 in the amount of $184.00, and 1964 in the amount of $224.28; and damages to the village property of $5,478.00.

Claimants further contend that, if the State is allowed to leave certain ditch blocks installed in the ditches along Route 16, claimants will continue to suffer annual crop damage. An element of damages, therefore, is claimed to be loss in land value on ten acres of land at $200.00 an acre, or an additional $2,000.00.

On July 1, 1961, Ralph Wilhoit executed warranty deeds for certain parcels of property that were needed by the State for construction of the improvements on Highway 16. Contained in the warranty deeds was the following clause: "The Grantor, without limiting the fee simple interest above granted and conveyed, do hereby release the Grantee or any agency thereof forever, from any and all claim for damages sustained by the Grantor, heirs, executors or assigns by reason of the opening, improving and using the above described premises for highway purposes." Respondent gave consideration for the deeds executed.

Release clauses, as the one found in the conveyance from Ralph Wilhoit, have been construed many times by this Court, and their effect has been compared to releases of future damages found in condemnation proceedings. In *Lepski Admr., Etc., vs. State of Illinois*, 10 C.C.R. 170, the Court stated:

"As we view the facts herein, no award can be allowed in this case because of the conveyance by claimant's intestate to the State of the right of way, that having the same effect as a condemnation of the same land for such public use would have had, the one being a voluntary conveyance made for public use, and the other amounting to a statutory conveyance for public use, the rule being that the appraisement of damages in a case of condemnation embraces all past, present and future damages, which the improvement may thereafter reasonably produce."

Again, in *Sauerhage vs. State of Illinois*, 16 C.C.R. 217, this Court pointed out that, where an owner conveys property for public use, the consideration received for such conveyance covers all damages for property taken and also damages for injury to adjacent property not taken, the same as an assessment of damages for property taken through a condemnation proceeding would cover.

Claimant may only recover if it is shown that the damages produced were not of a nature that would have been "reasonably produced", *Lepski, Admr., Etc., vs. State of Illinois*, 10 C.C.R. 170, or, if there was fraud involved in the securing of the deeds from the claimant, *Cole, et al, vs. State of Illinois*, 23 C.C.R. 74.

From a review of the testimony, it is the decision of this Court that claimant has not met his burden of showing that the natural drainage pattern of the area was substantially changed, and, therefore, any damages, which may have occurred, could be said to be reasonably produced.

The only fact, which would weigh against such a decision by this Court, has to do with the installation of ditch blocks in the ditches along the north and south side of Route 16. Testimony by claimant and respondent's engineers was completely contradictory on this point. In

the record, however, it will be noted that two other property owners in the area, Messrs. Brown and Pinnell, objected to the fact that, when the State lowered the depth of the ditches to three feet, they removed certain natural high points in the ditches, and that this caused water to be diverted from its natural flow. In order to remedy that situation it was necessary for the State to put in the ditch blocks, and maintain the natural course of the waters.

There was no fraud alleged in the securing of the deeds, and, therefore, it will be conclusively presumed that claimants transferred all rights to their property past, present and future, voluntarily.

Having found the release clause to be controlling, an award, therefore, is denied.